I'd like to start out by addressing the Kimbrough issue. Before the District Court, Mr. Nava requested a sentence of time served based on a request for a downward variance due to a policy disagreement with the sentencing guidelines. The District Court, however, did not acknowledge Mr. Nava's policy-based argument regarding Section 2L1.2 and double-counting. District Court's failure to acknowledge Mr. Nava's policy-based argument requesting a downward variance in light of Section 2L1.2's double-counting is air and requires reversing. I think there's really two key parts to this. First, District Court not only failed to acknowledge Mr. Nava's argument, but District Court also failed to acknowledge his discretion under Kimbrough to impose a downward variance. And as this court held in United States v. Henderson in a somewhat similar circumstance where there was, quote, unclear whether the District Court recognized and exercised his Kimbrough discretion, this court, unquote, reversed and remanded for resentencing. Can I ask you, just as a general matter, your view is that as long as the defendant is a Kimbrough-type argument in, let's say, his sentencing memorandum, then at the sentencing hearing, the District Court needs to state on the record, I am aware that I have this discretion, but I'm declining to exercise it? Yes, I think the District Court does need to state that on the record, and the main reason for that is for appellate review. Because when the District Court is silent and does not provide an explanation for rejecting the Kimbrough argument, this court is left to speculate, number one, what was the District Court's reason for rejecting the argument? And two, did the District Court fully appreciate that it had a discretion to impose a downward variance under Kimbrough? So isn't it clear that this judge knew that he could impose an upward variance? And if so, why would it not also follow that he could have imposed a downward variance? It seems like this judge knew he could depart from the guidelines. I think that's accurate, Your Honor, that the judge probably knew that he could impose a variance. But in Henderson, we have a case very similar, where the district judge in that case actually addressed the defendant's argument on the record, and actually said it needed direction from the Ninth Circuit. And as a result, this court reversed and remanded for resentencing. Here, we don't even have a scenario where the District Court is even acknowledging Mr. Nava's argument. But counsel, the District Court did say a time served sentence just is out of the question with the history and the circumstances of the criminality, which this court has been privy to three times over. I mean, it seems pretty clear to me that the District Court is saying he's very familiar with your client. He's seen him a lot. He's been up on appeal. He knows you're asking for time served. He says he's read the materials, and he believes just as a matter of sentencing discretion, it's just, as he said, out of the question. Why in the circumstances here, where your client has come before this judge so many times, why isn't that sufficient? Well, there's two cases that we've cited at length on this. Henderson and Trujillo. And Trujillo, that line of cases deals with a District Court's failure to respond to a defendant's non-frivolous arguments for lesser sentence. And Trujillo is a 2013 case in which this court reversed because the District Court failed to provide sufficient explanation for rejecting the defendant's request for a sentence modification under Section 3582. So I think if the court looks at Trujillo, which is discussed in the second issue here, the Kimbrough issue, and the District Court's failure to provide a sufficient explanation in that case and that warranting reversal, I think the underlying rationales behind Trujillo would equally apply here. And this court in Trujillo spoke at length about the reason that there is this requirement of explaining the sentence. And the main reason behind it is to allow or permit appellate review. Of course, one of the issues raised on appeal is whether or not the sentence is substantively unreasonable, which, of course, this court has an obligation to undertake that substantive, reasonless review when it's raised by an appellant. So I would submit that when this court is looking at a sentence for both procedural and substantive regularity, I think that both the Trujillo line of cases and the Henderson line of cases would suggest that the District Court at least had an obligation to address the argument. And of course, there's a recent Supreme Court case cited in the briefing, Holguin-Hernandez, in which this court at least suggested in dictum that a party, of course, is not required to bring to the court's attention a second time a particular request for a particular rationale on the record. But counsel, can you refresh my memory on this? I thought our case has said that as long as the District Court is aware that it has the discretion under a Kimbrough-type rationale, that we aren't in a position to reverse the court if it says I'm declining to exercise it. So in that sense, if I'm right about that, there is no need for a record to preserve a public review. There's no review for us to do other than to ensure that the court is aware that it had that discretion in the first place. And so if that is the regime under which we're operating, it seems to me it's incumbent upon you, your counterpart who's representing your client, if you really want to be sure that the court is aware that it has the discretion to make some kind of option at sentencing. Well, Your Honor, you just want to make sure you're not ignoring that, are you? And the court could say, no, I'm not. I'm well aware that I have that discretion. I'm declining to exercise it. Thank you, counsel. But that didn't happen here. And so it seems to me you're still stuck with plain error review. Tell me why that view of the case is wrong. I think that's mostly right, Judge Watford. But I think that you're right. In that first part of that hypothetical question, had the District Court acknowledged on the record, look, I understand under Kimbrough, I have the discretion to impose a downward variance based on the policy disagreement with the guidelines. You're absolutely right, Judge Watford, there would be no issue at all on appeal because it is a matter of discretion for the District Court. And certainly the better course might have been to have raised an additional objection. However, I would note that as we've seen in the briefing on the void for vagueness issue, an objection was raised at the conclusion of the sentencing hearing, and the District Court noted in passing that it was late raised. So it's unclear if And if we're on plain error review, how could we say that there is an effect on substantial rights here? I don't think there is really anything in this record that suggests that this judge wanted to give a lower sentence. Is there? I would submit you're right in the standard review might make a difference. But I think that in Henderson, of course, there was no harmless error analysis in Henderson. And so as I recall, and I tried to pull up the exact passage, but couldn't find it on the spot here. Didn't Henderson the judge have expressed confusion about this discretion? And here there's no expression of confusion. If I'm remembering correctly about Henderson. That's correct. The judge did express confusion in Henderson, but here there's no statement at all. So right. But so we have no statement, but we have a judge who I think you acknowledge knows that a variance from the guideline range is OK and also expresses an interest in a higher sentence. So it's very unclear to me how any further explanation of this Kimbrough issue would have led to so clearly that it's plain error led to a lower sentence. I'm not understanding the logic that you're using for this argument. Well, the standard for prejudice in effecting substantial rights, I see I'm getting below my time here. I'd like to answer your question, though, is whether there's a reasonable probability of a different result under the substantial rights prong plain error review. That's the standard. And to satisfy that standard, then it's not required to show it's more likely than not that the error would have been different. But how would you show it's likely at all? Any kind of likeliness here? Likelihood here? Well, I think in this circumstance, the district court, because the district court didn't address the argument, we're really left to speculate. And I think certainly could have led it, led the district court to impose a lesser sentence. So because the court's left to speculate, we're just simply left with a reasonable probability standard. And it's less than 50 percent. It's not required to establish by preponderance the evidence the result would have been different. And in that circumstance, I think particularly if you look at Munoz-Camarena, which is cited extensively in the first issue, there's a lot of language in there about how when the district court errs in its initial calculation of the guidelines range, regardless of what the district court's reason is, even if the district court says, well, you know, I would have imposed this sentence, even if I had a mistaken guidelines calculation, this court clearly said in Munoz-Camarena that it needed to remand or re-sentence. So I would submit that there can be circumstances where the district court can say on the record, you know, this is what I want to do. This is how I'm going to get here. I'm going to find a way with the math, so to speak, to get there. I'm going to find a way to get there. But the bottom line is there's sort of a plethora of case law from this court and the Supreme Court holding that if there's an error in the guidelines calculation or there's a mistake, a procedural error. I expected you to start with that, arguing that there was a mistake here in the guidelines calculation, but it seems like instead you started with an assumption that the judge didn't understand a departure or a variance from the guidelines calculation, which seems like a much harder argument for you here. Well, it is. My understanding is that there's two ways from reading the case law that district court can impose a downward variance under Kimbrough, because I think if you read Kimbrough, Henderson, Spears as well, that there can be a downward variance in the initial calculation of the guidelines, but then there can also be a downward variance under 3553A after the district court has done calculating the guidelines. So I think there's really two ways it can happen, regardless of whether the district court wanted to do it initially and say, well, I don't agree with 2L1.2, and I'm going to impose a downward variance in calculating or a departure slash variance in calculating the guidelines. District court could have done it that way, or the district court could have said at the conclusion of the sentencing hearing, I'm going to impose a downward variance under 3553A based on the Kimbrough arguments. I think there's two ways the district court could have done it, and the first one goes more with the calculation of the guidelines. The second one sort of falls under the 3553A factors. I see I'm way over my time. Yes. Why don't we hear from the government, and we'll give you a minute for rebuttal. Thank you. I appreciate it. Okay. Very good. Let's hear from counsel for the government. Thank you, Your Honor. Zach Howe on behalf of the United States. I'll also begin with the Kimbrough-Henderson argument, and maybe since there's a dispute about the standard of review, I'll begin there. This court has held in the Rangel case and in the Valencia Berrigan case that when you're dealing with a failure-to-explain argument, it's not enough to simply raise an argument in favor of one sentence. You have to actually object if the district court doesn't adequately explain in your view that argument or how it's responding to that argument. And the reason, of course, is because when you make an argument in favor of one sentence, you've preserved the argument that a higher sentence is substantively unreasonable. That's what Holguin-Hernandez says. But you haven't preserved an argument that the district court failed to adequately explain its reasoning getting there. So I think those cases are directly on point. Holguin-Hernandez is a substantive reasonableness case, so it doesn't really speak to this issue. Henderson addressed a preserved argument where the district court actually addressed the policy argument, so it doesn't address this issue either. Rangel and Valencia Berrigan are directly on point as to the standard of review here. Can I ask you to talk about whether the judge actually calculated the guidelines range correctly here? You mean in respect to actually taking into account the Kimbrough claim? No, I'm not worried about the Kimbrough claim, so I'm really asking about whether this judge understood that the guidelines would have made these sentences concurrent instead of consecutive. I see. I think the judge certainly understood that. Mr. Young is certainly right that the district court didn't outright say that 5G 1.2c recommends concurrent sentences, but I don't think there's any argument here that the district court didn't understand that, nor did the district court have a requirement. Can you point to anything that shows us that the district court understood that? How can we tell that the district court understood that? So I think one good thing to look at would be, I believe it's paragraph 56 in the PSR. That's where the district court actually imposes a sentence on NAVA in 2014 for the same two crimes, same guidelines range, same sentence. But do we have to assume the judge remembered? I mean, I agree that the old sentence is some evidence maybe, but that was also a period of time earlier. So in this particular proceeding at this point, how do we know the judge realized? So I think the reason would be, and this doesn't show up as much in the second sentencing hearing, but you certainly see it in the first hearing. The district court says essentially the reason it's running the sentences consecutive is because it imposed the exact same sentence in 2014, but ran them concurrently. And that wasn't enough to deter the defendant from reoffending. So this time the court was going to run them consecutively. And now the court bumped it down a bit on remand, but it's essentially still the same rationale. So I think, but we just have to assume that. I mean, we're just reading between the lines because of the prior sentence. And is that enough? Well, Your Honor, I think under, I can give a statutory answer, a precedential answer answer, and then maybe just a practical answer. But yes, I think it's enough. I don't think the district court was required to explicitly say the guidelines recommend concurrent sentences, but I'm imposing consecutive. So let me start with the statutory point. This court in Fifield interpreted Section 3584A and said, look, that statute sets up a presumption of what happens when the district court doesn't even mention whether the sentences it's imposing run concurrent or consecutive. So if Congress already contemplated that the court might not mention whether its sentences run concurrent or consecutive at all, certainly it can't be a requirement that it go a step further than that and say what the guidelines require. But doesn't the judge have to calculate the guidelines recommended a sentence first? And I'm just not totally sure I see that this judge did that because it would have been a guidelines range that reflected concurrent sentences, I think. And I'm not sure I, I'm a range that clearly was for both counts. Well, I think that would at least be indicated by the fact that, you know, the PSR recommended grouping these sentences. That's paragraph 16 of the PSR. The parties calculated a single guidelines range. The court calculated a single guidelines range. I don't think there's any indication here that the court thought that these were separate ranges or that they were supposed to run consecutively. I think everyone really agrees. The court knew it was, the presumption was for concurrent sentences. It simply didn't outright say that explicitly. So why does the judge say I think 30 months on Chapter 2 is warranted if there is to be a nondisparity in sentencing? Like what's the point of saying that? Well, I think what he's saying is that I believe you're referring to page 29. He says I don't think 30 or 33 months would be appropriate. It would be a disparate sentence. I think that indicates that he knows he's going to have to vary because of course if consecutive sentences were what the guidelines recommended, then that statement would sort of be superfluous. What he should have been saying was 30 to 33 months would be a disparate sentence, but that doesn't matter because the guidelines recommend consecutive sentences. Well, that's not what he says. I mean, what he says on page 29 is even with the rehabilitation and so forth, I think 30 months on Chapter 2 is warranted if there is to be a nondisparity in sentencing and if we're going to get to the heart of the matter. I just don't really understand what that is about unless he thinks the sentences are supposed to be consecutive. I see what you're saying. Well, I think the fact that I think that comes right after the court says that under the 3553A factors, a total of 54 months is necessary. So I agree it's not entirely clear what to make of that statement you're referring to, but I think overall it's certainly clear that the court is saying that a 54-month sentence total is the necessary sentence. And stop me if this is not being responsive, but I want to get back to the question you are asking. So I hit on the statutory point. The precedential point is Rangel, which is a post-Booker case, Fifield and Steffen, which are pre-Booker cases, all stand for the proposition that when a court is imposing consecutive sentences, it can do so by justifying the total overall sentence under the 3553A factors. Now, there are special rules if it could be considered a departure, but as Rangel makes clear, post-Booker, the imposition of consecutive sentences, even when 5G 1.2c recommends concurrent sentences, is a variance. And of course that makes sense because it's something you're doing despite the guidelines and not because of them. So in that situation, those three cases stand for the proposition that you don't have to specifically rely on 5G 1.2c, you just have to justify the overall sentence under the 3553A factors. And then maybe to give just the practical reason why this makes sense, the guidelines sentencing range is going to change in every single case. It might be a simple calculation, it might be a complex one, but it's going to be different. The presumption about 3554A, you can see it in the guidelines, says that if you have two terms being imposed at the same time, they run concurrent unless a statute or the court says otherwise. If imposed at different times, so in other words, you have, for example, a defendant in custody who's being sentenced on a new crime, the presumption is they run consecutively. So unlike the sentencing guidelines range, it is the same in each and every case, so it just doesn't make a lot of sense to require the court to state the same thing over and over again in these proceedings. Instead, the better conclusion is essentially what this court said in CARDI with respect to the 3553A factors, which is that the court doesn't have to state the 3553A factors every time to show that it knows them. We presume that the judge knows the law and applies it in making its decisions. And then the final point that I haven't mentioned that I probably should is that this court rejected this exact argument in Nava's first appeal. It did so by relying on the Rangel case. The court can do the same thing here to reject the claim for the same reasons. I haven't really hit on the other points with respect to the vagueness arguments. That would be real stupid. I just asked you about that last point, though, about the last round of appeals. There, I know you quoted already that the judge knew that the guidelines recommended concurrent but was choosing to go consecutive instead. So I don't think the argument that was rejected last time was exactly the same. I understood it to be just more it's not appropriate to be consecutive rather than that the guidelines range was calculated incorrectly. Well, Your Honor, and so I see I'm over time. I'll try to be brief. But to the extent that you accept that the court knew the guidelines range in the first appeal and the first sentencing rather. Here, I think that conclusion makes equal sense. Here, the court references its prior sentencings of Mr. Nava, and obviously it would have reviewed the PSR, which also references those same sentences. So I don't know that there's really a basis for concluding that the court, you know, somehow forgot about what it did in the first sentences or wasn't aware of those same guidelines presumptions here. Okay, thank you. Thank you, counsel. Let's put a minute on the clock if we could for rebuttal. Yes, I'd just like to briefly address that first issue, the guidelines calculation. The government, of course, relies on Fitfield and Stephan. As I pointed out in the briefing, those cases were both decided before Booker. And in fact, Fitfield was sentenced before Booker, same with Stephan. And so you're dealing with a different regime at that point in terms of the interplay between Section 3584, 3553A, and the guidelines. And then secondly, I think that as far as harmlessness goes, this court has held in Junios Camarena that essentially an error in calculating the guidelines does require the district court to, excuse me, requires this court to remand for resentencing unless there is one of those exceptions noted in footnote 5. None of those exceptions exist here. So I would submit that in light of the guidelines calculations noted in the first issue that remand for resentencing is wanted, I thank the court. Thank you both for your arguments this afternoon. Case just argued is submitted.
judges: Watford, Friedland, Bennett